**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

MIRA K.,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                Defendant.

2:22-cv-01781-VCF

**<u>ORDER</u>**

      This matter involves Plaintiff Carmen Mira K.'s appeal from the Commissioner's final decision denying her social security benefits. Before the Court is Mira's Motion for Reversal or Remand (ECF No. 19), the Commissioner of Social Security's Motion to Affirm (ECF No. 23), and Mira's reply (ECF No. 25). For the reasons stated below the Court denies Mira's motion for reversal and remand and grants the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

      The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

      The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

## DISCUSSION

### I.    Factual Background

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); *see also Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

The ALJ applied a five-step sequential analysis pursuant to 20 C.F.R § 404.1520.  The ALJ determined that Mira suffered from a severe combination of impairments including essential thrombocytosis and cervical degenerative disc disease (20 CFR 404.1520(c)). AR 23, ¶ 3.  The ALJ examined relevant medical evidence including opinions of Arnold Ostrow, M.D., and state-agency consultants E. Wong, M.D., Samuel Pak, M.D., and records of medical treatment.  The ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d), 404.1525 and 404.1526)., thus the ALJ denied her social security benefits.  (AR 30).

The ALJ concluded that residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can: lift 20 pounds occasionally, frequently left and or carry ten pounds; and set, stand, or walk up to six hours each in an eight-hour period. The plaintiff cannot reach overhead; occasionally reach overhead; occasionally reach in other directions; frequently handle, finger, feel, push, and or pull; and frequently use foot controls bilaterally.  The plaintiff cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl.  The plaintiff can have no exposure to heights, occasional exposure to moving parts, perform occasional driving, and tolerate no more than occasional exposure to extreme cold, up to frequent exposure to humidity, wetness, dusts, extreme heat, and vibration, and up to loud noise.  (AR 26).

The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act. Overall, the ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from April 8, 2020, through the date of the decision on October 31, 2021. (AR 30).

Plaintiff challenges the ALJ's finding on whether remand is required because the ALJ failed to adopt mental limitations he found credible or to explain why he was omitting these credible mental limitations from his RFC.

The Commissioner argues that the ALJ properly weighed the medical evidence, including evidence that Plaintiff is not disabled.  (ECF No. 23).

**II.    Analysis**

   1.  **Whether remand is required because the ALJ failed to adopt mental limitations he found credible or to explain why he was omitting these credible mental limitations from his RFC.**

The ALJ adequately explained the underlying basis for his RFC determination with respect to

Plaintiff's mental impairments, and his findings and decision are supported by substantial evidence. (AR 23-30).

In making his findings, the ALJ considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria. AR 24. The ALJ found that Plaintiff Plaintiff's mental impairments did not cause any functional limitations. The RFC is the most an individual "can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). ALJs must consider all impairments, including nonsevere impairments, in assessing the RFC. *Id.* at § 404.1545(a)(2). "Mild mental impairments are by definition those that have no more than a minimal limitation on the ability to work and, therefore, translate in most cases into no functional limitations." *Vandiver v. Colvin*, Case No. 2:15-cv-00886-GMN-NJK, 2016 WL 8787118, at *5 (D. Nev. June 27, 2016) (internal citations omitted). "The fact that an ALJ fails to explicitly address a mild limitation in the section of her order formulating a [RFC] does not run afoul of the requirements of 20 C.F.R. § 404.1545(a)(2), so long as the ALJ incorporates the findings by reference in assessing the [RFC]." *Avalon v. Kijakazi*, Case No. 2:21-cv-02051-NJK, 2022 WL 174697, at *3 (D. Nev. May 27, 2022) (citation omitted); *see also Cale v. Kijakazi*, Case No. 2:21-cv-00683-NJK, 2022 WL 781556, at *3 (D. Nev. Mar. 15, 2022). In another case, this Court found "[t]he ALJ considered [the claimant's] mild limitations" by specifically writing that the RFC "assessment reflects the degree of limitation the ALJ has found in the 'paragraph B' mental function analysis." *Desrosiers v. Colvin*, Case No. 2:15-cv-1033-JCM-VCF, 2016 WL 11449025, at *2 (D. Nev. Jan. 25, 2016) (cleaned up), report and recommendation adopted by 2016 WL 4467903 (Aug. 23, 2016).

Here, the ALJ found Plaintiff's mental impairments had "not resulted in any limitations on [her] ability to do basic work activities" (AR. 24) and incorporated his findings into the RFC (AR 25). While there were two instances of treatment for mental health, the contemporaneous signs were entirely

unremarkable. AR. 24 (citing AR. 815-16). The ALJ found that "[t]he following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." AR. 25; *see Avalon*, 2022 WL174697, at *4 (finding this language sufficient to incorporate discussion of nonsevere impairments into the RFC). The ALJ reasonably accounted for any mild limitations in the RFC. The ALJ's findings are well supported. Plaintiff told the agency she did not have any mental conditions that limited her ability to work. AR. 368.

The ALJ reviewed plaintiff's medical records and stated that her medical records show a diagnosis for post-traumatic stress disorder, major depressive disorder, and unspecified anxiety disorder, but on exam, plaintiff had fair insight and judgment, intact memory, good attention and concentration, and appropriate thought content, which undermines the severity of her mental impairments. AR 24. The ALJ found that, "in the complete absence of any subsequent medical records showing complaints of or treatment for related symptoms, it is reasonable to conclude that these impairments have not resulted in any limitations on the claimant's ability to do basic work activities and are non-severe impairments." *Id.*

Plaintiff's testimony centered entirely on her physical impairments, and she did not complain of mental impairments. *See AR.* 829-36. Plaintiff testified that there were no other problems not addressed by her testimony. AR. 836. Plaintiff consistently denied any problems with depression. *See AR.* 487, 500, 502, 505, 521, 544, 607, 614, 626, 663, 704, 706, 709, 733, 735, 736, 798, 811.

The ALJ considered Plaintiff's allegations. AR. 24-25. The ALJ noted Plaintiff's only complaints of mental symptoms are to Jillian Shumway, LMFT. AR. 24-25 (citing AR. 816, 820). The ALJ states that Plaintiff's other treating providers reported Plaintiff had normal judgment (AR. 541, 679), a pleasant demeanor (AR. 779), and normal mood and affect with full orientation and alertness (AR. 541, 579, 795, 798). The ALJ reasonably found Plaintiff's isolated complaints of depression and anxiety were not reflective of her functioning across the relevant period and found she had no more than mild limitations

in any "paragraph B" criteria. AR 24-25.  The ALJ states that plaintiff's treating providers described the plaintiff as pleasant and as exhibiting appropriate behavior.  *Id.*

The ALJ states that plaintiff has the mental capacity to complete such tasks as performing light household chores, driving a car, working part time, and operating a computer.  Plaintiff's treating providers described the plaintiff as having intact memory and appropriate thought content.  AR 24.

In the functional area of concentrating, persisting, or maintaining pace, the ALJ found that plaintiff has mild limitation. Plaintiff states that she feels less desire to do things. (Exhibit 22F, pp.2, 6), but the records shows that the plaintiff engages in many activities of daily living that invariably call for some degree of concentration, including performing light household chores, driving a car, working part time, and operating a computer.  AR 24.

The ALJ states that the plaintiff's medically determinable mental impairments cause no more than a "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the plaintiff's ability to do basic work activities, they are non-severe (20 CFR 404.1520a(d)(1)).  AR 25.

The ALJ's step four finding that plaintiff could perform her past work is supported by substantial evidence.  Under Agency policy, and the POMS in particular, there are only two possible types of Step 4 denials. A claimant may be denied at Step 4 due to the ability to perform her past relevant work ("PRW") as she had actually performed that work (an "as actually" determination). SSR 82-61, 1982 WL 31387, *1; *see also* SSR 82-62, 1982 WL 31386, *3; Program Operations Manual System (POMS) DI 25005.050(B)(2); POMS DI 25005.020. A claimant also may be denied at Step 4 due to the ability to perform PRW as it is generally performed in the national economy (an "as generally" determination). Because Plaintiff's PRW was a composite job, an as generally finding was prohibited here as a matter of law (Tr. 27).1 SSR 82-61, *2; see also SSR 82-62, *3; POMS DI 25005.050(B)(2); POMS DI 25005.025.

The Ninth Circuit has held that the Court will not reverse the Commissioner's decision if it is

based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (*quoting Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch*, 400 F.3d 676, 679 (9th Cir. 2005).

The vocational expert testified that Plaintiff could perform her past work.  (AR 29).   Plaintiff argues that the ALJ did not perform a "function-by-function analysis at step four . . . ." ECF No. 19 at 11. At step four, a claimant will be found not disabled if she is able to do her past work either as she "actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2); *see also Doney v. Berryhill*, 728 Fed.Appx. 687, 690 (9th Cir. 2018) (unpublished) (even if an ALJ errs in finding a claimant can perform her past relevant work as actually performed, any error is harmless when the ALJ properly found Plaintiff could perform the work as generally performed) (*citing Pinto v. Massanari*, 249 F.3d 840, 846-46 (9th Cir. 2001). The ALJ presented Plaintiff's RFC to a vocational expert at the hearing and asked whether an individual so limited could perform Plaintiff's past work as actually or generally performed. AR 837. The vocational expert testified such an individual could perform work as an accountant as actually performed. AR. 838. The ALJ reasonably found Plaintiff could perform her past relevant work as actually performed. AR. 29-30.

Under Ninth Circuit precedent, in determining RFC, the ALJ must take into account all relevant evidence, including medical records, lay evidence, and pain.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment."). This includes consideration of the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe.  *See, e.g., Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013).  The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion,

citing specific medical facts and nonmedical evidence.  Specific RFC findings as to what functions the claimant is capable of performing must be made by the ALJ.

An ALJ must account for the functional limitations caused by even non-severe impairments when formulating the RFC finding. See 20 C.F.R. §§ 404.1523, 404.1545(a)(2) (requiring adjudicators to consider the functional effects of even non-severe impairments when formulating the RFC finding); SSR 96-8p, 1996 WL 374184, *5 ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

In determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must make sufficient findings of the combined effects of the impairments. The ALJ must explain adequately his evaluation of the combined effects of the impairments.

Here, the ALJ considered the medical records as a whole and reasonably accounted for any mild limitations in the RFC.  The ALJ's findings are well supported. Plaintiff told the agency she did not have any mental conditions that limited her ability to work. AR. 368.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Mira's motion to reverse or remand (ECF No. 19) is DENIED, and that the Commissioner's motion to affirm (ECF No. 23) is GRANTED.

The Clerk of Court is directed to enter final judgment.

DATED this 9th day of November 2023.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE